Judge Owsley
delivered the Opinion of the Court.
Tho county court of Madison county, at the March term 1825, upon the application of Mrs. Hawkins, made an order granting to her administration of the estate of ¡Sarah 1'obinsou, dec’d. and she thereupon entered into bond with security, as required by law.
Oil the same day. but after Mrs. Hawkins had left court, William Robinson appeared, and moved the court to set aside the order, previously made, granting the administration to Mrs. Hawkins, and to grant the administration to him. When this motion of Robinson was made, neither of the justices by whom the previous order was made were present, but the counsel of Mrs. Hawkins appeared, and contested Robinson’s application. The court, however, sustained the motion, and made an order Betting aside the previous order granting administration of the estate of Sarah Robinson, dec’d. to Mrs. Hawkins, and granted the administration thereof to Robinson, who thereupon executed bond with security, according to law. The propriety of thus revoking the grant of admiaisfradon to Mrs. Hawkins, and granting it to Wm. Robinson, is questioned by the .assignment of errors.
That in making the order, which was afterwards set aside, the'court acted strictly within the sphere of its legitimate authority, is perfectly clear. The residence of Mrs. Robinson being in the county of Madison at the time of her decease, gave to that court unquestionable authority to decide upon the right of administration of her estate, and as she had no husband, it was in perfect conformity with the requisitions of the act of the Legislature of this country, to grant administration to Mrs. Hawkins, who is one of the children of the. intestate Sarah Robinson. The 29th section of tho act concerning executors ami administrators, (1 Dig. L. K. 527.) *144 provides that “ the several courts respectively, shall s< have the like jurisdiction to hear and determine “ the right of administration of the estates of per- ** sons dying intestate, as is herein before mention- “ ed, as to the proof'of wills, in respect to the intest( tate’s place of residence or death, or where the es-Si tate shall die, and shall grant certificates for obtain- “ ing such administration to the representatives who “ apply for the same, prefering first the husband or S( wife, and then such others, as are next entitled to “ distribution, or one or more of them, as the court ss shall judge will best manage and improve the es(t tale.” As a child of the intestate Mrs. Hawkins comes expressly within that description of pel-sons next entitled to distribution mentioned in the act, and to whom, or some one or. more of them that apply, the court is explicitly required to grant administration, where the intestate has no wife or husband. In making the order granting administration to Mrs. Hawkins, the court must therefore have acted strictly within the pale of its legal authority.
'Vhb court having granted administration to a daughter who applied alone, cannot afterward», on the same day after her departure, & a change of the justices on tile bench, revoke the grant to her and re-grant the administration to a ^on without a legal cause.
Where the court has not regularly executed its power in granting the, administration; where (here has been fraud in obtaining the, grant, or the administrator becomes nan compás, or otherwise incapable; the letters maybe revoked.
*144 After having thus, in conformity with the requisitions of law, granted administration to her, was it competent for the court to revoke the grant, and make an order granting administration to Win. Robinson? Upon general principles it would seem not. As Ro^nson is the son, and equal’in degree of kindred with Mrs. Hawkins to their mother, the.intestate, it would, no doubt, upon application of both for administration, have been within the discretion of the court to have prefergd either, or granted the administration to both jointly,* but after having executed its authority by making the grant to Mrs. Hawkins, it would be contrary to general usage, and incompatible with the rights and power of the administratrix, to whom the grant Was first made to allow an unlimited discretion in the court to revoke the grant, and again grant administration to another.
In cases where, the authority confercd by law upon the court is not regularly executed in granting administration, we admit that the irrigiilar grant *145 ftiay be afterwards revoked, and administration again granted; and even where the grant is otherwise duly made, But obtained through fraud, or if the grantee becomes non compos me At is, or otherwise incapable, tiie grant may he revoked. Toller's Isiw of executors, 121-2, find the authorities there cited.
That the son was not present when the court granted the administration to the daughter, is no cause for the court after her departure, on his application, to revoke the grant to her, and grant him. the letters.
Orders of the court revoking and re-granting the administration reversed.
Turner for appellant.
But as we have already remarked, the, grant of administration to Mrs. Hawkins was duly made, and there is no suggestion in the record conducing to shew cither fraud in obtaining the grant, or any Jarkof capacity in her to perform the duties of her office.
The only circumstance which can be brought in defence of the revocation of that grant, with any plausibility, is that of Robinson being in equal degree of kindred with Mrs. Hawkins to the intestate, and the administration having been committed to her in his absence, and from any tiling contained in the record, without his knowledge. But that circumstance is not of itself sufficient to justify a revocation of the grant to her.
It is to such of the representatives as apply, or some one or more of them, that the act requires administration to be granted by the court; and after the administration is once granted to any of the representatives, others in equal degree of kindred have, during the life of the grantee* no title to the administration, unless for other sufficient cause, the grant is afterwards revoked. Accordingly, in Toller’s Law of Executors, 93, it is said, “when administration has been once committed to “ any of the next of .kin, others even in the same “ degree of kindred, have, during the life of the “ administrator, no title to a similar grant.”
The order of the county court revoking the grant of administration to Mrs. Hawkins, as «veil as that which granted administration to Robinson are, therefore, erroneous, and must be reversed with cost, the cause remanded to the county - court, and an order there made conformable to this opinion.